No.——

**First Circuit**

----

**LANDRY v. CITY OF BATON ROUGE**

----

(June 12, 1928.  Opinion and Decree.)

----

(*Syllabus by the Editor*)

1.  **Louisiana Digest—Appeal—Par. 625, 626; Automobiles—Par. 8.**

The finding of the trial court as to credibility of witnesses in an automobile accident case where clearly correct is affirmed.

Appeal from the Parish of East Baton Rouge.  Hon. George K. Favrot, Judge.

Action by Alcide Landry against City of Baton Rouge.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

H. Payne Breazeale, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J.  R. C. Cox, police officer, was driving a wrecker which was pulling a Ford roadster going eastward through North Boulevard in the City of Baton Rouge, and as the cars turned into St. Ferdinand Street, a collision occurred with Judge Alcide Landry, plaintiff, inflicting upon him severe personal injuries for which he has instituted this suit in damages against defendant city.  His demand was dismissed, and he appeals.

The roadster was being pulled by means of a chain sixteen feet in length, and in thickness about two inches, which was tied to the wrecker.  The roadster had no power of its own; it was a dead car.  The chain between the wrecker and roadster was slack and touched the surface of the street, or nearly touched it, about twelve feet of its length.  The wrecker was traveling at approximately eight miles an hour, and naturally the roadster was following at no faster rate of speed.

Plaintiff testified he was on the west corner of St. Ferdinand Street and proceeded to walk eastward across that street.  His version of the occurrence is that in going across he walked in front of the wrecker and as he approached to about ten feet or more towards the eastern curb of St. Ferdinand Street, he was cut off by a car which he afterwards learned was this roadster; that as he was being blocked by that car, he started to retreat, was caught or pulled by the chain and was knocked by the fender of the car across the chain.  Suarez, a witness for plaintiff who saw the accident, also says that plaintiff, as he was crossing the street, passed in front of the wrecker, and so testifies Baker, another witness for plaintiff who was standing on the north side of North Boulevard at some distance from the spot where the collision occurred.  At the time this accident happened the sun

was shining and the weather was clear, still as often occurs in such cases, we have a quite different version of the occurrence by other witnesses who testified in the case.

R. C. Cox who was driving the wrecker, says plaintiff made a motion to step off the banquette into the street until he "got by," and stood there; that as his car "went" by him he felt a jerk on the chain, applied the brakes, stopped, looked back, and that plaintiff was laying with his head toward the west side of St. Ferdinand Street, close to the chain with which the other car was being towed. This witness says he did not see when the Judge "was hit." It appears, however, from the narrative he gives of the accident that the wrecker had passed ahead of Judge Landry when he was struck, and that he must have been between the two cars as it is clearly shown that he was caught or pulled by the chain which was pulling the roadster.

J. P. Baron, the driver of the roadster, is more specific in his testimony, and we believe was in a better position than was the driver of the wrecker to see what really occurred in this unfortunate accident. He says when he saw Judge Landry he was behind the wrecker and "tried to pass in between the two cars;" that his car was directly behind the wrecker, and that when he saw the Judge, he swerved his car a "little bit" out of the way to pass him, applied the brakes, the chain was tightened, Judge Landry fell, and that he stopped his car. He says plaintiff walked into the chain.

N. J. Bergeron, witness for defendant, office boy in the mailing office of the Standard Oil Company at Baton Rouge, says he was walking up on St. Ferdinand Street, April 23, 1927, was going to his work, and saw the accident. He says he saw the wrecker as it turned the corner and came into St. Ferdinand Street. His testimony is that "wrecker had passed North Boulevard, and just as it passed Judge Landry walked into the chain." He further says that the driver of the wrecker put on the brakes which tightened the chain that struck plaintiff against his stomach, throwing him on the front wheel of the roadster. The cross-questioning of this witness shows he had no interest whatever in the outcome of the suit, and we are satisfied that he testified honestly to what he saw of the occurrence. His testimony shows that plaintiff passed behind the wrecker as was testified to by Baron, the driver of the roadster, and as appears from the evidence of Cox, driver of the wrecker.

Plaintiff it is shown was knocked into unconsciousness by the car or chain, and was, a while after, taken to the Lady of the Lake Sanitarium. Baron, driver of the roadster, says he saw him there later on the same day; that plaintiff stated he could not blame anybody for the accident and said: "The chain threw me." Baron says Captain Comeau and Bill Sevario were present when this statement was made at the Sanitarium by plaintiff. Sevario testifies that Captain Comeau asked plaintiff how the accident had happened and that plaintiff said: One car passed him and he started to cross the street, that he didn't see the other car behind it, and he stumbled and fell on a chain up against the curb. Plaintiff testified that he had no recollection of having ever made such a statement, but was positive that he had never said to anybody that he passed behind the wrecker.

The version of the occurrence as given by plaintiff would lead to the conclusion that he had passed ahead of the wrecker,

but about ten feet before he had reached the eastern side of St. Ferdinand Street, the roadster had swung around in a semicircle, and had actually blocked his way, forcing him to retreat, thus entangling him in the chain that was pulling the roadster.

It is shown, and unquestionably so, that the cars were moving at about eight miles an hour, a moderate speed, when the collision happened. It is hard to believe that at such a speed the rear car could have suddenly swung around the front car, and thus intercept and force plaintiff to step backward as testified to by him. This might be possible but is not probable. From the situation of the parties, and the conditions existing at the time, it is more rational to believe that plaintiff was for a moment, as it sometimes happens, oblivious of his surroundings and unconsciously walked between the cars into the chain and suffered the injuries of which he complains.

The testimony of defendant's witnesses and the statement of plaintiff at the Sanitarium support the foregoing conclusion of fact, and this clearly entitles defendant city to an affirmance of the judgment. If we were to discard this conclusion, as a secondary finding, we would be forced to hold that the record shows that the testimony is, at least, very contradictory and conflicting, thus relegating the solution of the issue to the veracity of the witnesses who have testified in the case. A question involving the credibility of witnesses, it is well settled, falls peculiarly within the province of the trial judge, and in such cases where the testimony is conflicting or irreconcilable, an appellate court will not interfere in the finding of fact arrived at below, and will affirm the judgment appealed from, which, for the foregoing reasons is hereby affirmed in the instant case with cost.